UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GCI CONSOLIDATED, LLC d/b/a GOLF CLUB OF ILLINOIS LINKS LIMITED PARTNERSHIP ROLLING KNOLLS, LLC <br>     Plaintiff, <br><br> v. <br><br><br> ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CASE NO. 1:23-cv-3807 |

**JOINT INITIAL STATUS REPORT**

The parties respectfully and jointly submit the following initial status report.

1. **The Nature of the Case**

    A. **Identify the attorneys of record for each party, including the lead trial attorney.**

    <u>Plaintiff</u>: H. Clay List (The Hodge Law Firm).

    <u>Defendant</u>: Sulema Medrano (lead trial attorney, Dentons US LLP); Emily D. Steeb (Dentons US LLP).

    B. **Identify any parties that have not yet been served.**

    None.

    C. **State the basis for federal jurisdiction.**

    Pursuant to 28 U.S.C. § 1332, the Court has diversity jurisdiction over the parties because the Complaint alleges that the parties are citizens of different states and the amount in controversy exceeds $75,000. Plaintiff is organized in Illinois with members in Illinois. Defendant is an Iowa corporation with its principal place of business in Iowa.

D. **Describe generally the nature of the claims asserted in the complaint and any counterclaims.**

Plaintiff alleges breach of contract, violations under 215 ILCS 5/155.3, and common law fraud.

Defendant denies these allegations and does not assert any counterclaims at this time but reserves the right to file counterclaims should facts come to light supporting the same.

E. **State the major legal and factual issues in the case.**

This matter arises out of Plaintiff GCI's first party property damage claim submitted to Allied under Policy no. 7185778422. Plaintiff alleges that insured building roof sustained damage as a result of a weather event that occurred on or about August 10, 2021. After Allied conducted its investigation into Plaintiff's loss claim, Allied extended coverage to Plaintiff for the actual cost value of the covered hail damage to the insured building. Plaintiff alleges that additional coverage is owed for total replacement of the building roof based upon a report prepared by ITEL. Plaintiff has alleged breach of contract, violation(s) of Section 155 of the Insurance Code, and common law fraud.

Allied asserts that no additional coverage is owed under the Policy where isolated repairs can be performed to address the hail related damage to the insured building. Allied further denies that it acted unreasonably or vexiously when investigating Plaintiff's loss claim.

F. **Describe the relief sought.**

Plaintiff seeks monetary damages, including Section 155 penalties, exemplary and punitive damages, attorney's fees, and costs incurred.

2. **Case Plan**

A. **Identify all pending motions.**
Defendant filed a partial motion to dismiss Counts II and III of the Complaint.

B. **State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.**
Defendant anticipates filing a Partial Motion to Dismiss under Federal Rules of Civil Procedure 9(b) and 12(b)(6) for failure to plead facts sufficient to support a claim for damages for common law fraud and failure to plead facts sufficient to support a claim for damages under Section 155 of the Illinois Insurance Code.

C. **Submit a proposal for a discovery plan, including the following information:**
   i. the general type of discovery needed.

ii. **whether the discovery will encompass electronically stored information (ESI) and any anticipated issues regarding disclosure or discovery of ESI, including the form or forms in which it should be produced;**

iii. **any issues or agreements regarding claims of privilege or protection of trial preparation materials, including whether the parties desire that the Court enter an order regarding a procedure to assert such claims after production pursuant to Federal Rule of Evidence 502(d).**

iv. **the date(s) on which disclosures under Federal Rule of Civil Procedure 26(a)(1) were made or will be made.**

v. **the date by which the parties will complete fact discovery.**

vi. **whether expert discovery is contemplated and, if so, dates by which disclosures under Federal Ruel of Civil Procedure 26(a)(2) will be made and expert depositions completed.**

vii. **what changes, if any, should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the requirements of the Local Rules of the Northern District of Illinois, such as changes in the number of depositions or interrogatories permitted; and**

viii. **the date by which the parties must file any dispositive motions.**

The parties have engaged in initial settlement discussions and scheduled future meetings to continue those discussions. To the extent early resolution is not achieved, the parties have agreed on the following:

i. The parties will exchange written discovery requests and anticipate proceeding with 4-6 fact witness depositions and potential expert discovery.

ii. None at this time.

iii. None at this time.

iv. Initial disclosures are due 30 days after the filing of this joint status report, on **October 5, 2023**.

v. Fact discovery should be completed by **March 30, 2024**.

vi. Should this case require expert discovery, Plaintiff shall disclose its experts' reports by **April 15, 2024**, and Defendant shall disclose its experts' reports by **April 31, 2024**. Expert depositions shall be completed by **May 28, 2024**.

vii. The parties require no deviation from the Federal Rules of Civil Procedure or the Local Rules of the Northern District of Illinois regarding the number of depositions or interrogatories permitted.

viii. The parties shall file dispositive motions by **June 31, 2024**.

D. **State whether there has been a jury demand and the estimated length of trial.**

Plaintiff has demanded a trial by jury, and Defendant plans to do the same. The estimated length of trial is 3 to 4 days.

3. **Settlement**

   A. **State whether any settlement discussions have occurred and describe the status of any such discussions. Do not provide the particulars of any settlement demands/offers**.

   The parties have engaged in initial settlement discussions and scheduled future meetings to continue those discussions.

   B. **State whether the parties believe that a settlement conference would be productive at this time.**

   The parties believe that a settlement conference may be productive in the future.

4. **Consent to Proceed Before a Magistrate Judge**

   A. **State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgement, and whether the parties unanimously consent to that procedure. Do not indicate which parties consented or did not consent.**

   Counsel have informed their clients about the possibility of proceeding before the assigned Magistrate Judge. There is not unanimous consent to that procedure.

Dated: September 6, 2023

Respectfully submitted,

**DENTONS US LLP**

*/s/ Sulema Medrano*
Sulema Medrano
Emily D. Steeb
233 S. Wacker Dr. #5900,
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
sulema.medrano@dentons.com
emily.steeb@dentons.com

*Attorneys for Defendant, Allied Property and Casualty Insurance Company*

**HODGE LAW FIRM**

<u>*/s/ H. Clay List*</u>
H. Clay List
Hodge Law Firm, PLLC
1301 Market Street
Galveston, Texas 77550
(409) 762-5000 – Phone
clist@hodgefirm.com
shodge@hodgefirm.com
*Attorney for Plaintiff, GCI Consolidated, LLC d/b/a Golf Club of Illinois Links Limited Partnership Rolling Knolls, LLC*