**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **GCI CONSOLIDATED, LLC d/b/a** | ) |
| **GOLF CLUB OF ILLINOIS LINKS** | ) |
| **LIMITED PARTNERSHIP ROLLING** | ) |
| **KNOLLS, LLC** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **CASE NO. 1:23-cv-3807** |
| **ALLIED PROPERTY AND** | ) |
| **CASUALTY INSURANCE COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**DEFENDANT ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS**
**PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Allied Property and Casualty Insurance Company ("Allied") moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Count III of Plaintiff, GCI Consolidated, LLC d/b/a Golf Club of Illinois Links Limited Partnership Rolling Knolls, LLC's ("GCI"), Complaint with prejudice. In support of its Motion, Defendant Allied states:

**INTRODUCTION**

This matter arises out of Plaintiff GCI's first party property damage claim submitted to Allied under Policy no. 7185778422. *Id.* ¶ 5. Plaintiff alleges that insured building roof sustained damage as a result of a weather event that occurred on or about August 10, 2021. *Id.* ¶ 8-9. After Allied conducted its investigation into Plaintiff's loss claim, Allied extended coverage to Plaintiff for the actual cost value and replacement cost value of the covered hail damage to the insured building. *Id.* ¶ 29. In its Complaint, Plaintiff alleges that additional coverage is owed for total replacement of the building roof based upon a report prepared by ITEL. *Id.* ¶ 11-12. Attached as

1

Exhibit A is a true and accurate copy of the ITEL report referenced by Plaintiff in its Complaint[1]. Plaintiff mischaracterizes the contents of the report, stating ITEL "concluded the roof was not repairable, and thus needed to be replaced." *Id*. ¶ 11. However, the ITEL report only states that the "exact original manufacturer of the sample provided could not be determined." The ITEL report further states that there are similar matches to the roof material available for purpose and provides a list of suppliers and locations for Plaintiff to purchase the materials. Ex. A. Thus, contrary to Plaintiff's representations, the ITEL report supports Allied's coverage determination in this matter.

Moreover, Plaintiff reliance on the contents of the ITEL report to support its common law fraud claim against Allied is insufficient to sustain a cause of action against Allied under Federal Rules of Civil Procedure 9(b) and 12(b)(6). Because Plaintiff fails to meet the heightened pleading standard of common law fraud in Illinois, Count III of the Complaint must be dismissed.

Plaintiff also fails to plead sufficient facts to establish a claim for damages under Section 155 of the Illinois Insurance Code. Plaintiff's Complaint is fraught with mere legal conclusions and recitation of the elements of a cause of action, which is insufficient to sustain a claim for Section 155 penalties under Federal Rule of Civil Procedure 12(b)(6). As a result, Count II of Plaintiff's Compliant must also be dismissed.

---

[1] *ABN AMRO, Inc. v. Cap. Int'l Ltd.*, No. 04 C 3123, 2007 WL 845046, at *4 (N.D. Ill. Mar. 16, 2007) ("a district court may consider documents attached to the motion to dismiss-but not to the complaint-if those documents are referred to in the complaint and central to the plaintiff's claim."); *see also Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("A plaintiff is under no obligation to attach to her complaint documents upon which her action is based, but a defendant may introduce certain pertinent documents if the plaintiff failed to do so . . . Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim")

**LEGAL STANDARD**

A complaint may be dismissed if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *see Avila v. CitiMortgage, Inc*., 801 F.3d 777, 781 (7th Cir. 2015). Federal notice pleading standards require a complaint to "state a claim to relief that is plausible on its face." *McReynolds v. Merrill Lynch & Co*., 694 F.3d 873, 885 (7th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts are confined to the pleadings, but they may also consider documents attached to a motion to dismiss if those documents are referred to in the complaint and are central to the plaintiff's claim. *Yassan v. J.P. Morgan Chase & Co*., 708 F.3d 963, 975 (7th Cir. 2013) (quoting *Wright v. Associated Ins. Companies, Inc*., 29 F.3d 1244, 1248 (7th Cir. 1994)). In reviewing the pleadings and any related documents, courts must construe all factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002); *Virnich*, 664 F.3d at 212.

**ARGUMENT**

**I.    Count II of the Complaint Fails to Sufficiently Plead a Viable Claim Against Allied under Section 155 of the Illinois Insurance Code.**

Section 155 of the Illinois Insurance Code provides an extra-contractual remedy where an insurer's refusal to recognize liability and pay a claim is vexatious and unreasonable. *Cramer v. Ins. Exch. Agency*, 174 Ill. 2d 513, 525 (1996); 215 ILCS 5/155. Under Illinois law, a plaintiff is not entitled to Section 155 damages simply because there is a dispute as to coverage. *Shrader v. Paul Revere Life Ins. Co.*, 833 F. Supp. 2d 877 (N.D. Ill. 2011). In order to give rise to Section 155 liability, a plaintiff must demonstrate that insurer's conduct was willful and without reasonable cause. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co*., 200 F.3d 1102, 1110 (7th Cir.

2010); *Markel Am. Ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 778 (N.D. Ill. 2011). Here, Plaintiff fails to allege any facts in its Complaint to support its contention that Allied acted in bad faith during its handling of Plaintiff's loss claim. Instead, in a conclusory fashion, Plaintiff asserts that Allied "acted both unreasonably and vexatiously towards GCI" by allegedly "intentionally delaying its investigation into the facts". Pl. Comp., ¶ 32. These claims without supporting factual foundation are insufficient to support a claim for insurance bad faith under §155. A complaint must contain enough facts to make the plaintiff's claim for relief plausible on its face, so that a court could reasonably infer that the defendant may be liable for the alleged misconduct. *Ashcroft*, 556 U.S. at 678.

This court and other district courts in this circuit have found that merely pleading that an insurer violated §155 without coupling such claims with allegations of unreasonable conduct is not sufficient to state a violation of §155. *See*, e.g. *Markel American Ins. Co. v. Dolan*, 787 F.Supp.2d 776, 778 (N.D. Ill. 2011); *Sieron v. Hanover Fire and Cas. Ins. Co.*, 485 F.Supp.2d 954, 960 (S.D. Ill. 2007). A claim under § 155 that fails to provide a "modicum of factual support, is insufficient to plausibly suggest that [the insured] is entitled to relief under the statute" and should be dismissed by this Court. *Scottsdale Ins. Co. v. City of Waukegan*, No. 07 C 64, 2007 WL 2740521, at *2 (N.D. Ill. Sept. 10, 2007); *9557, LLC & River W. Meeting Assocs., Inc. v. Travelers Indem. Co. of Connecticut*, No. 15-CV-10882, 2016 WL 464276, at *3 (N.D. Ill. Feb. 8, 2016); *Bao v. MemberSelect Insurance Co.*, No. 21 C 04119, 2022 WL 1211509, at *3 (N.D. Ill. Apr. 25, 2022);.

In *9557, LLC & River W. Meeting Assocs., Inc. v. Travelers Indem. Co. of Connecticut*, plaintiffs sought relief under § 155, alleging that insurer violated various code provisions, failed to pay the claim based on an "unreasonable an erroneous interpretation of the insurance policy",

which forced the insured to sue to recover policy benefits that should have "immediately" been provided under the policy. *9557*, 2016 WL 464276 at *3-4. The court there granted insured's Motion to Dismiss finding the allegations amounted to "little more than simple recitations of the various codes that River West alleges Travelers violated." *Id.* at *4. Similarly, in *Bao v. MemberSelect Insurance Co.*, the court found allegations of violations of § 155 with little factual support to be "wholly conclusory, essentially boiling down to allegations that [insurer] intentionally refused coverage and that such refusal was vexatious and unreasonable" and were "were too much like a 'formulaic recitation of the elements of a cause of action'" and dismissed the Plaintiff's § 155 claim. 2022 WL 1211509 at *4 (internal citations omitted).

The allegations in the *Bao* and *9557* Complaints are similar to those found in the case at bar. The Complaint is devoid of allegations explaining how or when Allied delayed in resolving Plaintiff's loss claim or failed to acknowledge communications with Plaintiff during the claims process. Plaintiff alleges that Allied failed to "interview witnesses who had relevant information" but then fails to identify the specific witness(es) that Allied allegedly refused to interview, or when and how these communications occurred. *Id*. ¶ 30. Plaintiff's allegations against Defendant of unreasonable and vexatious conduct amount to nothing more than a threadbare recitation of the elements of a claim for relief in violation of the pleading standards described in *Twombley*. Although a complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" it needs to provide grounds beyond mere legal conclusions and the recitation of the elements of a cause of action to be viable. *Twombly*, 550 U.S. at 555.

Because Plaintiff's allegations against Allied do not support a claim for bad faith conduct under Section 155, Count II of the Complaint must be dismissed pursuant to Rule 12(b)(6).

## II.    Count III of the Complaint Fails to Sufficiently Plead a Viable Claim of Common Law Fraud Against Allied.

Under Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Fed. R. Civ. P.* 9. A sufficient level of factual support for a fraud claim is found when the circumstances are pleaded in detail. *Woodard v. Am. Fam. Mut. Ins. Co.*, 950 F. Supp. 1382, 1388 (N.D. Ill. 1997). This is generally satisfied when the "who, what, when, where and how are alleged." *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 948 (7th Cir. 2013); *Woodard*, 950 F. Supp. at 1388–89. Specifically, a Plaintiff must plead "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the Plaintiff." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008); *Fujisawa Pharm. Co. v. Kapoor*, 814 F. Supp. 720, 726 (N.D. Ill. 1993). To bring an action for common law fraud under Illinois law, a Plaintiff must prove:

> (1) a false statement of material fact; (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in justifiable reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance."

*Fitzpatrick v. ACF Properties Grp., Inc.*, 231 Ill.App.3d 690, 711, 595 N.E.2d 1327, 1341 (1992) (citing *Gerill Corp. v. Jack L. Hargrove Builders, Inc.*, 128 Ill. 2d 179, 538 N.E.2d 530 (Ill. 1989)).

Here, Plaintiff's common law fraud claim against Allied amounts to nothing more than a dispute as to coverage available under the terms and conditions of the Policy.  Specifically, Plaintiff complains that the Allied claims adjuster disagreed with the evidence presented by Plaintiff *via* the ITEL report and alleges that:

> Defendant willfully made false statements of material fact, including but not limited to the insurance adjuster, John Matthews, stating on or about August 1, 2022 that

> shingles which match the shingles on the damaged roof were available and could
> be readily sourced despite the ITEL report concluding the opposite. When
> additional information supporting this statement was requested from Mr. Matthews
> by Mr. Farenzena, said requests were ignored.

Pl. Comp. ¶ 36.

As an initial matter, Plaintiff's allegations fail to meet the heighten pleading standards to sustain a cause of action for common law fraud under Illinois law, where Plaintiff fails to plead sufficient facts to demonstrate Mr. Mathews believed his representations regarding the availability of similar shingle material to be false with the intent to induce Plaintiff to act in a certain manner. More importantly, the entire crux of Plaintiff's common law fraud claim against Allied is based upon the faulty premise that the ITEL report produced by Plaintiff proves that the building shingle material is not available, therefore, requiring full replacement of the building roof.   Pl. Comp. ¶ 36-37.  Conveniently, Plaintiff fails to attach a copy of the ITEL report to support its allegations and misrepresents the contents of the ITEL report. While the court accepts well pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff, to the extent that the terms of document referenced conflict with the allegations of the complaint, the document controls. *Centers v. Centennial Mortg., Inc*., 398 F.3d 930, 933 (7th Cir. 2005). District Courts should consider documents attached to a Motion to Dismiss that are referred to in the Complaint, but not attached. *ABN AMRO, Inc. v. Cap. Int'l Ltd.*, No. 04 C 3123, 2007 WL 845046, at *5 (N.D. Ill. Mar. 16, 2007) (citing *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see also Hardiman v. Lipnic*, 455 F. Supp. 3d 693, 700 (N.D. Ill. 2020) ("At the pleading stage, the Court must consider not only the complaint itself, but also documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." (internal citations and quotations omitted)).  The ITEL report Plaintiff provided to Allied and relies upon in support of its Complaint against Allied does not conclude

that the roof shingles are unavailable and require total replacement of the roof. To the contrary, the ITEL report states that there are similar matches to the roof material available to conduct repairs and provides Plaintiff with a list of suppliers and locations for Plaintiff to purchase the materials. Ex. A. Thus, the ITEL report in fact supports Mr. Matthew's alleged representations made to the insured regarding the availability of similar shingle materials, as required under the Policy terms. Indeed, the ITEL reprot does not support a claim for common law fraud (or a claim for breach of contract) as presented by Plaintiff in the Complaint. Because Plaintiff fails to plead facts demonstrating that Mr. Matthews or any other representative of Allied made false statements with the intent to induce Plaintiff to act in a certain manner, Count III must be dismissed. *See Custom Classic Automobiles & Collision Repair, Inc. v. Axalta Coating Sys., LLC*, No. 20 CV 5079, 2020 WL 7319569, at *5-6 (N.D. Ill. Dec. 11, 2020) (dismissing a common law fraud count for failure to sufficiently allege a Defendant knowingly made false statements).

## CONCLUSION

WHEREFORE, Defendant Allied Property and Casualty Insurance Company prays that this Court dismisses Counts II & III of Plaintiff's Complaint pursuant to Rule 12(b)(6) and grants any other relief this Court deems reasonable and just.

Dated: September 7, 2023

Respectfully submitted,

**DENTONS US LLP**

*/s/ Sulema Medrano*
Sulema Medrano
Emily D. Steeb
233 S. Wacker Dr. #5900,
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
sulema.medrano@dentons.com
emily.steeb@dentons.com

*Attorneys for Defendant, Allied Property and
Casualty Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7 day of September, 2023, a true and accurate copy of the foregoing document was served upon the following by electronic service to:

H. Clay List
THE HODGE LAW FIRM
1301 Market St.,
Galveston, TX 77550

*Attorney for Plaintiff*

_____/s/ Sulema Medrano_____
*Attorney for Defendant*

footer10