UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GCI CONSOLIDATED, LLC d/b/a GOLF CLUB OF ILLINOIS LINKS LIMITED PARTNERSHIP ROLLING KNOLLS, LLC<br><br>Plaintiff,<br><br>v.<br><br>ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 1:23-cv-03807 |

**DEFENDANT ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY'S
REPLY IN SUPPORT OF ITS
PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff's Response to the Motion to Dismiss filed by Defendant Allied Property and Casualty Insurance Company ("Allied") only further demonstrates that Plaintiff's claims for Section 155 damages and common law fraud against Allied amount to nothing more than a regurgitation of its breach of contract claim. Plaintiff is unable to identify specific facts to meet its heightened pleading standard and establish that Allied intentionally mishandled its claim for property damages. Accordingly, Counts II and III of the Complaint must be dismissed pursuant to Rule 12(b)(6).

With respect to its claim under Section 155 of the Illinois Insurance Code, Plaintiff merely repeats the threadbare allegations set forth in its Complaint. Plaintiff's conclusive statements, repeating the basis for its coverage dispute with Allied is insufficient to sustain a plausible claim for penalties under Section 155. *See*, *e.g.*, *Meade, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 20-cv-05293, 2023 U.S. Dist. LEXIS 70411, at *6 (N.D. Ill. Apr. 23, 2023). For instance, Plaintiff

1

argues in its Response brief that Allied acted in bad faith by failing "to correctly and fairly inspect the property" during its claim investigation. Resp. 2. But Plaintiff admits in its Complaint that Allied inspected the property on two separate occasions and extended coverage for Plaintiff's loss claim. Comp. ¶¶ 10 and 26. Plaintiff's true complaint here is that Allied's repair estimate was for a lower amount. In fact, Plaintiff's only basis to assert that Allied failed to "fairly and correctly" investigate its property loss claim is because it disagrees with Allied's findings and seeks a greater payment. Plaintiff pleads no facts to support its allegation that Allied's investigation was vexatious or unreasonable. Plaintiff further argues that Allied acted vexatiously by failing to interview "anyone at all with relevant knowledge". Resp. 2. Yet, Plaintiff admits in its Complaint that Allied engaged in multiple communications with its agents and representatives to discuss the property loss claim. Comp. ¶ 26. These statements, taken as true, entirely contradict one another. More importantly, the Complaint is devoid of any factual allegations to support Plaintiff's contention that Allied's factual investigation was somehow incomplete. Plaintiff does not identify who Allied should have interviewed and what material information was missing from the investigation. Plaintiff must plead specific acts or inaction by Allied to support a claim for bad faith penalties, beyond mere conclusions of law and fact.

      Plaintiff's common law fraud claim is similarly deficient. As explained in its Response, Plaintiff alleged "that the insurance adjuster, John Matthews, knowingly and willfully misrepresented the contents of the ITEL report on or about August 1, 2022 when he claimed that the ITEL report concluded that the shingles which match the shingles on the damaged roof were available and could be readily sourced." Resp., 5. Not only is this statement insufficient to support a claim for common law fraud, it is illogical. Indeed, the ITEL report was created at the request of Plaintiff's contractor and produced to Allied by Plaintiff. The fact that Allied disagreed with

Plaintiff's interpretation of the ITEL report (or even the contents of the ITEL report) is insufficient to support a claim of common law fraud. Further, the ITEL report is a written document that speaks for itself. Plaintiff's assertions that Mr. Matthews made "false statements of material fact," Comp. ¶ 36, and "knew his statement about the availability of matching shingles was false," Comp. ¶ 37, amount to nothing more than conclusions of law and fact. Plaintiff's allegations of common law fraud fall short of meeting the heightened pleading standards of Rule 9.

The Complaint also fails to plead facts to demonstrate that Allied and/or Mr. Matthews acted with fraudulent intent. The only facts presented in the Complaint are that the parties have a dispute as to coverage owed under the Policy and the interpretation of a third party vendor's ITEL report. It is not enough under Illinois law for Plaintiff to plead and prove that Allied knew a statement made during the claims handling was false to support a common law claim. Plaintiff must plead facts to support its allegation that Allied and/or its representative acted in a manner with the intent to commit fraud. *Daly v. Glanbia Performance Nutrition, Inc.*, No. 23 C 933, 2023 U.S. Dist. LEXIS 154202, at *22 (N.D. Ill. Aug. 31, 2023) (emphasizing "a difference between alleged knowledge of a falsity and intent to commit fraud"). Not only has Plaintiff failed to properly plead there was knowledge of a falsity—just that Mr. Matthews made statements that allegedly contradict the ITEL report to which he had access—but Plaintiff also pleads no facts to suggest there was an intent by Allied or Mr. Mathews to defraud Plaintiff. *See*, *e.g.*, *id.* ("[Plaintiff] alleges that [Defendant's] intent to commit fraud is evinced by its failure to accurately identify the Product on the front label when it knew its statements were not true nor accurate, which is not enough."). Accordingly, and pursuant to Illinois law, Plaintiff's common law fraud claim must be dismissed. *See Rudy v. Family Dollar Stores, Inc.*, 583 F. Supp. 3d 1149, 1165 (N.D. Ill. 2022).

WHEREFORE, Defendant Allied Property and Casualty Insurance Company prays that this Court dismisses Counts II & III of Plaintiff's Complaint pursuant to Rule 12(b)(6) and grants any other relief this Court deems reasonable and just.

Dated: October 13, 2023

Respectfully submitted,

**DENTONS US LLP**

*/s/ Sulema Medrano*
Sulema Medrano
Emily D. Steeb
233 S. Wacker Dr. #5900,
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
sulema.medrano@dentons.com
emily.steeb@dentons.com

*Attorneys for Defendant, Allied Property and Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of October, 2023, a true and accurate copy of the foregoing document was served upon the following by electronic service to:

H. Clay List<br>
THE HODGE LAW FIRM<br>
1301 Market St.,<br>
Galveston, TX 77550

                                                                                                */s/ Sulema Medrano*