## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GCI CONSOLIDATED, LLC d/b/a GOLF CLUB OF ILLINOIS LINKS LIMITED PARTNERSHIP ROLLING KNOLLS, LLC, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 23-cv-3807 |
| v. | ) ) ) | Judge Sharon Johnson Coleman |
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff GCI Consolidated, LLC ("GCI") brings a three-count complaint against Defendant Allied Property and Casualty Insurance Company ("Allied"). Before the Court is Allied's partial motion to dismiss Counts II and III of that complaint. For the following reasons, Allied's motion [13] is granted in part and denied in part.

### BACKGROUND

The following facts are taken as true for present purposes. GCI owns a golf facility in Algonquin, Illinois, that was struck by a severe storm on August 10, 2021. GCI's facility sustained roof damage. At the time of the storm, GCI's facilities were covered by an insurance policy issued by Allied. GCI submitted a property damage claim to Allied and a dispute arose over the roof-damage coverage. Based on competing investigations and reports, GCI maintained that the roof needed to be replaced, while Allied maintained that only individual tiles (or shingles) needed repairs.

GCI alleges that Allied's ultimate resolution violated the insurance policy. GCI also alleges that Allied engaged in misconduct during the claim investigation and settlement process, including, for example, that Allied: failed to pay contractors; misrepresented its own policies and facts related

to the claim; unnecessarily delayed resolution of the claim; failed to properly investigate or inspect the property; and failed to interview witnesses with relevant information about the claim.

After the claim resolution process broke down, GCI filed this suit alleging: (I) breach of contract, (II) violation of § 155 of the Illinois Insurance Code, and (III) common law fraud. Allied now moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts II and III, arguing that GCI fails to state a plausible claim upon which relief can be granted for either claim, and that GCI fails to plead its fraud claim with sufficient particularity under Federal Rule of Civil Procedure 9(b).

**LEGAL STANDARD**

When considering a Rule 12(b)(6) motion, the Court accepts all of the plaintiff's allegations as true and views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). A complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be more than speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This "ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank, FSB v. Hofer,* 649 F.3d 610, 615 (7th Cir. 2011) (citation omitted).

**DISCUSSION**

**I.    Section 155 of the Illinois Insurance Code**

"Section 155 [of the Illinois Insurance Code, 215 ILCS 5/155,] was enacted by the legislature to provide a remedy to an insured who encounters unnecessary difficulties when an insurer

2

withholds policy benefits." *McGee v. State Farm Fire & Cas. Co.*, 315 Ill. App. 3d 673, 680–81, 734 N.E.2d 144, 151, 248 Ill. Dec. 436, 443 (Ill. App. 2 Dist. 2000) (citations and quotation marks omitted). It permits courts to award attorney's fees, other costs, and an additional amount when the defendant's conduct in resolving an insurance claim is "vexatious and unreasonable." 215 ILCS 5/155(1). Generally, whether conduct is "vexatious and unreasonable" is an issue of fact that requires the court to consider the totality of the circumstances, *Medical Protective Co. v. Kim*, 507 F.3d 1076, 1086 (7th Cir. 2007), but in any case the plaintiff "must demonstrate that the defendant's conduct was willful and without reasonable cause." *Markel Am. Ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 778 (N.D. Ill. 2011) (Hibbler, J.). Relevant factors include "the insurer's attitude, whether the insured was forced to sue to recover, and whether the insured was deprived of the use of her or his property." *McGee*, 734 N.E.2d at 151.

It is not enough for a plaintiff to allege a mere disagreement over an insurance claim. Section 155 is penal in nature and must be strictly construed. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000) (citing *Morris v. Auto–Owners Ins. Co.*, 239 Ill. App. 3d 500, 509, 606 N.E.2d 1299, 1305, 180 Ill. Dec. 222, 228 (Ill. App. Ct. 1993)). Relief is not available "simply because an insurer takes an unsuccessful position in litigation," nor when "(1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law." *Id.* (internal citations omitted).

In *Dolan*, a court in this district addressed a Section 155 claim in which many of the allegations did "little more than assert that [the insurer] did not promptly settle [the insured's] claim." 787 F. Supp. 2d at 779. On their own, the court explained, these allegations would be "insufficient to state a Section 155 claim." *Id.* But the court held that the insured alleged additional

3

facts that made his claims plausible. Specifically, the insured alleged that his insurer "misrepresent[ed] facts, denie[d] coverage after refusing to conduct an adequate investigation, and base[d] its decision upon speculation or incomplete information," all of which could support a claim under Section 155. *Id.* (collecting cases).

GCI's allegations are similar. Many of them suggest nothing more than a disagreement over the scope of coverage. But GCI also claims that Allied failed to reasonably and thoroughly investigate the facts by interviewing all relevant witnesses to the damage, and that Allied unnecessarily delayed resolution of the claim through its behavior during the investigation process. Although these allegations are not extraordinarily detailed, they are enough at this stage to warrant discovery. GCI goes a step beyond alleging only a bona fide dispute by alleging that Allied acted unreasonably in its efforts to resolve the dispute, through refusals to properly inspect property, delay in that inspection, and failures to interview relevant witnesses, forcing GCI to sue for recovery.

The cases cited by Allied are distinguishable because, unlike GCI, the plaintiffs there did not include factual allegations as specific as a failure to interview relevant witnesses or a refusal to properly inspect property. *See 9557, LLC & River W. Meeting Assocs., Inc. v. Travelers Indem. Co. of Connecticut,* No. 15-CV-10882, 2016 WL 464276, at *3 (N.D. Ill. Feb. 8, 2016) (St. Eve, J.) (describing the plaintiff's allegations as "simple recitations of the various codes that [plaintiff] alleges [defendant] violated"); *Bao v. MemberSelect Insurance Co.,* No. 21 C 04119, 2022 WL 1211509, at *3 (N.D. Ill. Apr. 25, 2022) (Durkin, J.) (describing the plaintiff's allegations as lacking "some 'modicum of factual support' centered on [defendant's] individualized handling of the claim"). The plaintiffs in both of these cases merely asserted that the defendant violated other Illinois Insurance Code provisions without further factual support. GCI has provided separate factual assertions. Accepting those facts as true, the Court finds that the complaint states a claim under Section 155 that is plausible on its face. As the court suggested in *Dolan*, a willful failure to interview relevant witnesses and

thoroughly assess the damage in resolving a claim could constitute vexatious and unreasonable conduct, and GCI could reasonably offer additional support for these factual contentions after discovery. Allied's motion to dismiss Count II is denied.

## II. Common Law Fraud

Rule 9(b) requires that a plaintiff "state with particularity the circumstances constituting fraud" by describing the "who, what, when, where, and how" of the of the alleged fraudulent conduct. *AnchorBank, FSB*, 649 F.3d at 615. This heightened pleading standard does not displace or expand on the requirement of plausibility when evaluating the complaint for purposes of a Rule 12(b)(6) motion. *Appvion, Inc., Ret. Sav. and Emp. Stock Ownership Plan by and through Lyon v. Buth*, 99 F.4th 928, 945 (7th Cir. 2024). To demonstrate common-law fraud under Illinois law, a plaintiff must show: "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from the reliance on the statement." *Frerck v. Pearson Educ., Inc.*, 63 F. Supp. 3d 882, 892 (N.D. Ill. 2014) (Shah, J.). The plaintiff must also show that its reliance was justified and reasonable—that is, that the plaintiff had a right to rely on the defendant's alleged statement. *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001).

GCI alleges with sufficient particularity the circumstances constituting its fraud claim under Rule 9(b). The complaint alleges that Mr. John Matthews (the "who") committed fraud on or about August 1, 2022 (the "when"), when he told GCI's agent, Mr. John Farenzena (this meeting, the "where"), that "shingles which match the shingles on the damaged roof" were readily available (the "what"). Allied nonetheless argues that GCI did not meet Rule 9(b)'s heightened pleading standard because it failed to show Matthews' intent to induce reliance on his statement. That argument is contrary to the text of Rule 9(b), which "explicitly excludes from its heightened pleading standard

allegations of '[m]alice, *intent*, knowledge, and other conditions of a person's mind.'" *Appvion*, 99 F.4th at 944 (citing Fed. R. Civ. P. 9(b)). The element of intent may be alleged generally to satisfy Rule 9(b)'s standard. *Id.* The complaint alleges that Matthews made this statement knowingly and "willfully," providing a sufficient general allegation of intent.

But even if GCI's allegations are specific, they must plausibly state a claim. This is where GCI's claim fails. Whether the alleged statement is false depends entirely on the interpretation of the document primarily at issue in the overall coverage dispute—that is, whether the ITEL report[1] concluded that shingles that "match" the damaged shingles were available. It is not clear that the ITEL report concluded that shingles that "match" those on the damaged roof were not available. Indeed, as alleged, it is not clear that Matthews made a statement of fact at all. His comment is more plausibly understood as an *interpretation* of the report's findings. The comments on the ITEL report state that the selected product was a "similar profile match" to the damaged shingle, and it was given a similarity rating of "2," indicating an "excellent profile match." The complaint does not provide any further facts that the report "conclud[ed] the opposite" of Matthews' statement. Without more, GCI has failed to plausibly allege a "false statement of material fact."

Further, GCI does not plausibly allege that it relied on the truth of Matthews' statement. "Although reliance is normally a question of fact, it can be determined as a matter of law when no trier of fact could find that it was reasonable to rely on the alleged statements." *Cozzi Iron & Metal, Inc.*, 250 F.3d at 574. The Court must consider "all of the facts which the plaintiff knew, as well as those facts the plaintiff could have learned through the exercise of ordinary prudence." *Adler v.*

---

[1] The court can consider the contents of the plaintiff's complaint, as well as documents attached to the motion to dismiss that are referenced in and central to the complaint. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). When considering such documents, the court "is not bound to accept the pleader's allegations as to the effect of the exhibit, but can independently examine the document and form its own conclusions as to the proper construction and meaning to be given the material." *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure: Civil 2d*, § 1327 at 766 (1990)).

*William Blair & Co.*, 271 Ill. App. 3d 117, 125, 648 N.E.2d 226, 232, 207 Ill. Dec. 770, 776 (Ill. App. Ct. 1995).

Here, the ITEL report that provided the basis for the alleged fraudulent statement was originally produced by GCI and there is no indication it was no longer available to GCI or Mr. Farenzena, its agent, at the time of the alleged false statement. To find that GCI has stated a valid claim for fraud, this Court would have to accept that GCI relied on Matthews' statement of the report's contents over its own interpretation of a document it possessed. Mr. Farenzena, GCI's agent in this situation, also requested further information from Matthews supporting his statement, suggesting that he and GCI were on notice that his statement was not consistent with the ITEL report's findings. *See Newman v. Metropolitan Life Ins. Co.*, 885 F.3d 992, 1003 (7th Cir. 2018) ("Reliance is not justifiable if a consumer has reason and opportunity to question the truth of the alleged misrepresentation."). GCI had reason and opportunity to question Matthews' assertion, and it did in fact question the assertion. As such, GCI fails to adequately plead common law fraud.

**CONCLUSION**

For these reasons, the Court grants in part and denies in part Allied's partial motion to dismiss [13]. Allied's motion is granted as to Count III and denied as to Count II. Count III is dismissed without prejudice. If GCI believes in good faith that it can cure the deficiencies identified in this Opinion, it may amend its complaint within 30 days.

**IT IS SO ORDERED.**

Date: 6/28/2024

Entered:

SHARON JOHNSON COLEMAN
United States District Judge