**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GCI Consolidated, LLC d/b/a Golf Club of Illinois Links Limited Partnership Rolling Knolls, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>Allied Property and Casualty Insurance Company,<br><br>    Defendant. | No. 1:23-cv-3807 |

**ANSWER TO COMPLAINT**

  Allied Property and Casualty Insurance Company ("Allied"), by and through its undersigned counsel, hereby answers Plaintiff's Complaint for Damages and Jury Demand as follows:

**Parties**

  1.  At all times relevant herein, GCI was the owner of certain commercial buildings and improvements located at 1575 Edgewood Drive, Algonquin, IL 60102-4131.

**ANSWER:**  **Allied admits Plaintiff GCI Consolidated, LLC ("GCI") is the named insured on Allied Commercial Property Policy No. ACP 71-8-5778433, effective between August 30, 2020 and August 30, 2021 ("Policy"), which insured certain commercial buildings located at 1575 Edgewood Drive, Algonquin, IL 60102-4131 ("Property"). A certified copy of the Policy is attached as <u>Exhibit A</u>.**

  2.  At all times relevant herein, Defendant is and has been an Iowa insurance carrier licensed to conduct business in the State of Illinois. At all times relevant herein, Defendant acted through its employees, agents and representatives.

**ANSWER:** **Allied admits it is a citizen of Iowa and licensed to conduct business in Illinois. Allied is unable to admit or deny the remaining allegations based on the form of the statement, where there is no specific "act" of Allied to identify.**

### Jurisdiction and Venue

3. The Court has jurisdiction under 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds $75,000.

**ANSWER:** **Allied admits the allegations in Paragraph 3.**

4. The Northern District is the appropriate venue because the subject property is located in McHenry County, Illinois.

**ANSWER:** **Allied admits the allegations in Paragraph 4.**

### The Policy

5. On or about August 2020, Defendant issued a policy of insurance to GCI, with coverages for, among other benefits, property and liability coverage. This lawsuit relates to policy number 7185778433, with effective dates of August 30, 2020 to August 30, 2021 (the "Policy").

**ANSWER:** **Allied admits that it issued Commercial Property Policy No. ACP 71-8-5778433 to GCI, effective between August 30, 2020 and August 30, 2021, which included property and liability coverage.**

6. The Policy remained in force throughout the duration of the subject term.

**ANSWER:** **Allied admits that the Policy was in effect from August 30, 2020 to August 30, 2021.**

7. GCI paid all premiums that came due during the subject term of the Policy, as well as all prior and subsequent terms.

**ANSWER:** **Allied admits that Plaintiff paid all premiums owed for the Policy during the relevant timeframe.**

## The Loss

8. On or about August 10, 2021, GCI buildings sustained damage as a result of a sudden weather-related physical loss (the "Loss") which was covered by the Policy.

**ANSWER:** **Allied admits that it extended coverage under the Policy to GCI for its claim for damage to the Property allegedly caused from a weather event that occurred on or about August 10, 2021. Allied denies the remaining allegations in Paragraph 8.**

9. Following the above-described loss, GCI timely filed a claim for property insurance coverage under the Policy. Defendant subsequently assigned it claim number 265923-GM (the "Claim").

**ANSWER:** **Allied admits that on or about August 12, 2021 it received notice of Plaintiff's property damage claim, which was assigned Allied claim no. 265923-GM. Allied denies all remaining allegations in Paragraph 9.**

10. While the Defendant inspected the property and acknowledged a covered loss, the scope of the loss was significantly underestimated as a result of its failure to fully and properly inspect the Loss.

**ANSWER:** **Allied admits that it extended coverage under the Policy to GCI for its claim for damage to the Property allegedly caused from a weather event that occurred on or about August 10, 2021. Allied denies all remaining allegations in Paragraph 10.**

11. In November 2021, an ITEL Tile Roofing Evaluation report was requested to determine whether the damaged roof was repairable. The ITEL report concluded that the roof was not repairable, and thus needed to be replaced.

**ANSWER:** **Allied denies the allegations in Paragraph 11.**

12. Despite the ITEL report, Defendant continued to maintain that the roof was repairable.

**ANSWER:** **Allied admits that the roof is repairable. Allied denies the remaining allegations in Paragraph 12.**

13. As a result of the events above, GCI retained Semper Fi Public Adjusters Midwest, LLC ("Semper Fi") in December 2021 to inspect and estimate the Loss, and to assist it with its claim for coverage with Defendant.

**ANSWER:** **Allied admits that GCI hired Semper Fi Public Adjusters Midwest LLC ("Semper Fi") related to Claim No. 265923-GM. Allied lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore denies them.**

14. Semper Fi inspected the property and determined that GCI had indeed sustained the Loss from an August 10, 2021 storm, causing significant exterior and interior property damage to GCI buildings which warranted repair and replacement. However, Defendant continued to deny the full scope of the work needed to repair and replace the covered damage.

**ANSWER:** **Allied admits that Semper Fi inspected the Property and represented that the Property sustained storm damage from a weather event that occurred on or about August 10, 2021, and recommended certain repairs and replacement to the Property. Allied denies the remaining allegations in Paragraph 14.**

15. On or about May 25, 2022, emergency mitigation work was performed on the subject property in order to prevent further water intrusion while the Defendant continued to deny adequate and proper payment.

**ANSWER:** **Allied lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to emergency mitigation work completed by GCI on or about May 25, 2022 and therefore denies them. Allied also denies the remaining allegations in Paragraph 15.**

16. Thereafter, Semper Fi continued to present additional information regarding the Claim and Loss in order to ensure that Defendant provided GCI with the full coverage benefits to which it was entitled under the Policy, and to ensure that Defendant provided sufficient proceeds to carry out necessary replacement and repairs.

**ANSWER:** **Allied denies the allegations in Paragraph 16 as stated.**

17. Despite all facts and evidence to the contrary, Defendant continued to deny coverage for significant portions of the Loss.

**ANSWER:** **Allied denies the allegations in Paragraph 17.**

18. GCI has complied with all conditions precedent to coverage and to bringing this action and/or Defendant has waived or is otherwise estopped from asserting the same.

**ANSWER:** **Allied denies the allegations in Paragraph 18.**

## COUNT I - BREACH OF CONTRACT

19. The subject policy is a valid contract ("Contract") between GCI and Defendant.

**ANSWER:** **Allied admits that its issued Commercial Property Policy No. ACP 71-8-5778433 to GCI, effective between August 30, 2020 and August 30, 2021, which insured certain commercial buildings located at 1575 Edgewood Drive, Algonquin, IL 60102-4131. A certified copy of the Policy is attached as <u>Exhibit A</u>.**

20. In addition to the provisions in the subject policy, amendments and endorsements, the contract further includes additional provisions required by law, as well as an obligation by Defendant to exercise a covenant of good faith and fair dealing towards GCI.

**ANSWER:** **Allied admits that its issued Commercial Property Policy No. ACP 71-8-5778433 to GCI, effective between August 30, 2020 and August 30, 2021. A certified copy of the Policy is attached as <u>Exhibit A</u> and is a written document that speaks for itself. Allied admits that is has a duty of good faith and fair dealing as it relates to its handling of claim submitted under the Policy. Allied denies that it has breached that duty. Allied further states that it cannot admit or deny the remaining allegations of Paragraph 20 due to the vague and unclear nature of the remaining allegations.**

21. GCI sustained a covered loss under the Contract as a result of a wind, hail, and rainstorm on August 10, 2021.

**ANSWER:** **Allied admits that it extended coverage for the cost to repair certain property damage submitted by GCI under claim no. 265923-GM. Allied denies the remaining allegations in Paragraph 21 as stated.**

22. Defendant has breached its contract with GCI in one or more of the following ways:

    (a)    Failing and refusing to pay for the replacement cost and/or actual cash value for GCI's damaged property;

    (b)    Failing and refusing to pay for the mitigation costs required under the Policy;

    (c)    Failing and refusing to pay GCI and/or their contractors in accordance with certain agreements entered and/or unilaterally terminating and/or breaching agreements entered with GCI and/or their contractors regarding his claim;

    (d)    Misrepresenting Defendant's policies regarding coverages, benefits and payment of coverages;

    (e)    Misrepresenting facts and circumstances relating to the Claim;

    (f)    Failing and refusing to pay the cost to replace GCI's damaged property, without legal excuse or justification;

    (g)    Failing and refusing to pay GCI pursuant to the replacement cost coverage for which they paid additional premiums and costs;

    (h)    Unnecessarily delaying the handling of the Claim, without legal excuse or justification;

    (i)    Failing, refusing or unnecessarily delaying inspection of the subject property and/or investigating the loss; and

    (j)    Failing to exercise good faith and fair dealing in its handling of GCI's claim.

**ANSWER:** **Allied denies the allegations in Paragraph 22, including the allegations in each of its subparts.**

23.    As a direct and proximate result of Defendant's breach of contract with GCI, GCI has suffered contractual and consequential damages, including but not limited to

    (a)    The loss and damage to their property without indemnification provided for in the Policy;

    (b)    The loss of use of their property and other insurance benefits;

    (c)    The increased cost to repair and/or replace their property that was insured; and

    (d)    Other consequential damages.

**ANSWER:** **Allied denies the allegations in Paragraph 23, including the allegations in each of its subparts.**

## COUNT II – VIOLATION OF SECTION 155 OF THE INSURANCE CODE

24. GCI hereby reasserts and realleges Paragraphs 1 through 23 as the allegations contained in this Paragraph 24, as though fully set forth herein.

**ANSWER:** **Allied restates its answers to each of the previous Paragraphs, with the same force and effect, as though fully set forth herein.**

25. After GCI discovered the Loss, GCI duly notified Defendant of the Loss, the circumstances leading up to the Loss, and the scope of the damages that had occurred at GCI.

**ANSWER:** **Allied admits that, on August 12, 2021, it received notice of Plaintiff's weather-related loss claim that was reported to have occurred on August 10, 2021. Allied denies all remaining allegations in Paragraph 25.**

26. Thereafter, GCI, through its designated agent and representative, Semper Fi, had multiple communications with agents or other representatives of Defendant regarding the Loss and Claim. Defendant, through its agents and representatives, inspected the damaged GCI buildings on or about March 16, 2022.

**ANSWER:** **Allied admits it communicated with Semper Fi about Claim No. 265923-GM on multiple occasions. Allied further admits it engaged an independent adjuster and a roofing consultant to inspect the claimed damage to Property on or about October 5, 2021 and March 16, 2022. Allied denies all remaining allegations in Paragraph 26.**

27. Subsequent thereto, GCI, by and through its designated representative, Semper Fi, has made demands to Defendant for the payment of the sums that they have and/or will have to expend to repair and replace the damaged structures. In so doing, GCI and/or their designated representatives have provided Defendant with photos, estimates and other documentation to support its Loss and Claim, and have further personally shown and demonstrated such Loss to Defendant during inspections

**ANSWER:** **Allied admits that GCI and Semper Fi have provided Allied with photos of the claimed property damage and replacement cost estimates for GCI's damage**

**claim. Allied denies that it owes GCI an additional coverage beyond the amount it has already paid Plaintiff for Claim No. 265923-GM.**

28. On or about July 14, 2022, GCI submitted to Defendant a Sworn Proof of Loss, with a detailed estimate, as demanded by Defendant.

**ANSWER:** **Allied admits that it received a Sworn Proof of Loss from GCI dated July 14, 2022, as well as replacement cost estimates prepared by Semper Fi in support of its claim for property damage. Allied denies all remaining allegations in Paragraph 28.**

29. Defendant continues to deny that coverage existed for portions of Loss, and further denied payment for a portion of the Loss that had been incurred.

**ANSWER:** **Allied denies the allegations in Paragraph 29.**

30. By failing to determine the facts and circumstances that led up to the Loss, and to the nature and extent of damage that occurred thereafter, Defendant refused or failed:

    a. To interview witnesses who had relevant information about when the Loss occurred;

    b. To interview witnesses who had relevant information about how the Loss occurred;

    c. To interview witnesses who had relevant information about the cause of the Loss; and

    d. To correctly and fairly determine the nature of the damaged property.

**ANSWER:** **Allied denies the allegations in Paragraph 30, including the allegations in each of its subparts.**

31. At all relevant times herein, there was in effect in the State of Illinois the following statute:

    (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

  (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

  (b) $60,000;

  (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action. 215 ILCS 5/155.3.

**ANSWER:** **Allied admits that 215 ILCS 5/155, which is partially quoted in Paragraph 31, was in effect when GCI gave notice of its claim to Allied and is still in effect as of the filing of Allied's Answer. Allied denies any allegation it acted in violation of 215 ILCS 5/155 when handling GCI's property loss claim or that GCI is entitled to recovery under 215 ILCS 5/155.**

32. Defendant also acted both vexatiously and unreasonably toward GCI, without reasonable cause, by intentionally delaying and prolonging its investigation into the facts and circumstances, thereby depriving GCI the use of its property.

**ANSWER:** **Allied denies the allegations in Paragraph 32.**

## COUNT III – COMMON LAW FRAUD

Paragraphs 33 – 39 were dismissed by this Court on June 28, 2024.

\* \* \*

## DEFENDANT'S AFFIRMATIVE DEFENSES

Allied sets forth the following affirmative defenses to GCI's Complaint for Damages. Allied reserves the right to restate or delete any affirmative defense, or add additional affirmative defenses, as new information becomes available. These affirmative defenses should not be construed as admissions to any allegations in the Complaint for Damages, and Allied does not assume the burden of proving any matter upon which GCI bears the burden of proof under applicable law.

### First Affirmative Defense

To the extent GCI's loss is caused by Ordinance or Law as described in the Policy, such loss is excluded from coverage. The Policy states in relevant part:

> **B.** **Exclusions**
>
> 1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
>
>    a. **Ordinance Or Law**
>
>    The enforcement of or compliance with any ordinance or law:
>
>    (1) Regulating the construction, use or repair of any property[.]
>
>    ***
>
>    This exclusion, Ordinance Or Law, applies whether the loss results from:
>
>    ***
>
>    (b) The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of property, or removal of debris, following a physical loss to that property.

### Second Affirmative Defense

GCI's claim for coverage beyond that which Allied has already paid is barred under the Policy, which states in relevant part:

> **B.** **Exclusions**
>
> ***
>
> 2. We will not pay for loss or damage caused by or resulting from any of the following:
>
>    ***
>
>    d. (1) Wear and tear;

        **(2)** Result or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself[.]

        **\*\*\***

**f.**    Continuous or repeated seepage or leakage of water . . . that occurs over a period of 14 days or more.

        **\*\*\***

**m.**    Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

## **JURY DEMAND**

Allied demands trial by jury.

WHEREFORE, Allied prays that GCI takes nothing by its Complaint for Damages, for reimbursement of its reasonable costs and attorneys' fees and for all other just and proper relief.

Dated: July 12, 2024                               Respectfully submitted,

                                                           */s/ Emily D. Steeb*
                                                           Sulema Medrano Novak
                                                           Emily D. Steeb
                                                          DENTONS US LLP
                                                          233 S. Wacker Dr., Ste. 5900
                                                          Chicago, IL 60606
                                                          T: (312) 876-8000
                                                          F: (312) 876-7934
                                                          sulema.medrano@dentons.com
                                                          emily.steeb@dentons.com

                                                          *Attorneys for Allied Property and Casualty Insurance Company*

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 12, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                                              */s/ Emily D. Steeb*